IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC GRIFFIN,**

        **Petitioner,**

        v.                CASE NO. 11-3095-RDR

**DEPT. OF JUSTICE/ BOP REGIONAL
DISTRICT, et al.,**

        **Respondents.**

### O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of CCA-Nevada. Petitioner has also filed a motion for appointment of counsel. Having screened the materials filed, the court finds as follows.

As petitioner was informed in a prior similar case, the statutory fee of $5.00 must be satisfied for the filing of a federal habeas corpus action. Petitioner has neither paid the filing fee nor submitted a properly supported motion to proceed in forma pauperis. This action may not proceed until Mr. Griffin satisfies the filing fee prerequisite in one of these two ways. He will be given time to satisfy the filing fee. If he fails to do so within the time allotted this action may be dismissed without further notice.

As ground 1 in his petition, Mr. Griffin claims "contempt by respondents". In support, he alleges that he mailed a petition to this court around March 13, 2011 and that it never arrived because it was stolen by defendants. Contrary to petitioner's

allegations, this court did receive and dismiss a prior petition mailed by Mr. Griffin that was filed on March 17, 2011. See <u>Miller v. Regional Director, BOP</u>, Case No. 11-3064 (May 13, 2011).

As ground 2, petitioner claims "contempt of court to cover up illegal detention." In support he alleges that in April, 2011 he mailed a change of address and another 2241 writ to this court, and that "agents of respondents" stole his mail to this court "to cover up" his illegal detention. He claims these allegations give this court "sole jurisdiction." As ground 3, petitioner claims "medical violation." In support he alleges that "respondents" have denied him medical attention for "a very complex matter" which he does not want to be of public record. He further alleges that "agents of respondents" have denied him witnesses and the right to testify regarding his claims and have failed to fully investigate his claims. As ground 4, petitioner claims "illegal detention." In support he alleges that as of January 14, 2011, "respondents" have held him in illegal detention and are trying to relocate him to avoid justice.

This petition is deficient in several respects. First and foremost, petitioner does not appear to now be or to ever have been confined within this federal judicial district. He alleges no facts whatsoever indicating that this court is the proper venue for his claims of illegal detention.

Second, the only proper respondent in a habeas corpus petition is the petitioner's current custodian. Petitioner names several defendants, none of whom appears to be his current

custodian.

Third, the allegations made by Mr. Griffin utterly fail to state a claim for federal habeas corpus relief. His allegations of interference with legal mail and denial of medical attention are not grounds for release from prison. Instead, these claims must be raised in a civil rights complaint that names the individual person or persons who actually handled his mail or denied his requests for medical treatment and that includes other facts including dates and locations of these occurrences. Petitioner claim that his detention is illegal is completely conclusory.

Finally, to the extent Mr. Griffin may be attempting to litigate civil rights claims against the respondents, he fails to allege any facts which actually establish that this court has jurisdiction over those persons or his claims against them, if any. His bald conclusion that this court has sole jurisdiction is patently without legal merit.

Petitioner shall be given time to satisfy the filing fee, name a proper respondent, and show cause why this action should not be dismissed for failure to show that this court has jurisdiction or is the proper venue for any of the claims in his petition and for failure to state a valid claim for federal habeas corpus relief. If he fails to adequately respond in the time allotted, this action may be dismissed without further notice.

The court finds that appointment of counsel is not warranted in this case, given the court's findings.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty

(20) days in which to satisfy the filing fee, name a proper respondent, and show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 2) is denied without prejudice.

**IT IS SO ORDERED.**

**DATED:  This 15th day of June, 2011, at Topeka, Kansas.**

 

        <u>s/RICHARD D. ROGERS</u>
        **United States District Judge**