```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ERIC GRIFFIN,**

                    **Petitioner,**

          v.                   CASE NO.  11-3095-RDR

**DEPT. OF JUSTICE/ BOP REGIONAL**
**DISTRICT, et al.,**

                    **Respondents.**

### O R D E R

On June 15, 2011, upon screening this purported habeas petition filed pro se by Mr. Griffin pursuant to 28 U.S.C. § 2241, the court entered an Order setting forth deficiencies in the pleading and requiring petitioner to show cause why this action should not be dismissed. Petitioner was also ordered to satisfy the filing fee prerequisites. He was forewarned that if he failed to adequately respond in the time allotted, this action could be dismissed without further notice. The time in which Mr. Griffin was to respond has expired, and he has not complied with either portion of the court's screening order.

Instead, on June 24, 2011, Mr. Griffin filed a Notice of Interlocutory Appeal (Doc. 5). He subsequently filed Emergency Motion for Order (Doc. 8), Emergency Motion for Investigator (Doc. 9), and Motion for Leave to Appeal in forma pauperis (Doc. 10). On July 8, 2011, the Tenth Circuit Court of Appeals dismissed Mr. Griffin's interlocutory appeal (Doc. 11). The court denies petitioner's Motion for Leave to Appeal in forma pauperis as moot.

Petitioner's Request for Status check (Doc. 4) is not responsive to the court's screening Order. This request, if considered a motion, is also moot since the court denied his motion to appoint counsel the day before it was filed.

Petitioner's Emergency Motions (Docs. 8 & 9) are not responsive to the court's screening Order. They instead contain additional allegations regarding conditions of his confinement that have allegedly occurred since this action was filed. Neither addresses the deficiencies in his petition including that this court does not have jurisdiction over his custodians nor shows cause why this action should not be dismissed. Petitioner has also failed to satisfy the filing fee prerequisites.

Mr. Griffin's bald suggestions that his legal mail to this court has been impeded by unnamed "defendants" are not at all credible, and in fact are refuted by the several documents he has managed to submit. His claim that he has not received this court's Orders in his two recent cases is belied by the fact that he has filed a Notice of Appeal in each.

The court finds that this action should be dismissed on account of petitioner's failure to comply with the court's Order entered on June 15, 2011, and for the reasons stated in that Order and herein. Mr. Griffin is forewarned that sanctions may be imposed if he continues to file frivolous actions in this court.

**IT IS THEREFORE BY THE COURT ORDERED** that this action styled as a petition for writ of habeas corpus is dismissed for the reasons stated in the court's Order dated June 15, 2011, and

herein.

**IT IS FURTHER ORDERED** that petitioner's pending motions and request (Docs. 4, 8, 9, 10) are denied.

**IT IS FURTHER ORDERED** that any appeal is not taken in good faith, and any motion to proceed in forma pauperis on appeal is denied because this action is frivolous.

**IT IS SO ORDERED.**

**DATED:** This 21st day of July, 2011, at Topeka, Kansas.

<u>s/RICHARD D. ROGERS</u><br>
United States District Judge